IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**VICKIE M. HARTZER,**       CASE NO. 3:23 CV 1972

    Plaintiff,

    v.       JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.       **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Vickie M. Hartzer seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 10). Plaintiff filed an objection to the R&R (Doc. 11), and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income and disability insurance benefits in July 2019, alleging a disability onset date of June 1, 2019. *See* Tr. 19, 171. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on November 15, 2022, finding Plaintiff not disabled. (Tr. 19-34). This appeal ultimately followed. (Doc. 1).

Plaintiff raised a single argument regarding the ALJ's decision. She argued the ALJ failed to adequately explain her findings regarding the persuasiveness, supportability, and consistency of

state agency physician Robert Baker, Ph.D.'s opinion that Plaintiff needed occasional flexibility in breaks when experiencing increased mental health symptoms.

In her R&R, Judge Armstrong concluded the ALJ did not err, but rather provided sufficient analysis of the consistency and supportability of the medical opinion as required by 20 C.F.R. § 404.1520c. (Doc. 10, at 12-16). She recommends the Court affirm the Commissioner's decision. *See* Doc. 10.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**DISCUSSION**[1]

Plaintiff raises a single objection to the R&R; she argues "the ALJ violated 20 C.F.R. § 404.1520c during the evaluation of Dr. Baker's opinions[.]" (Doc. 11, at 2). Specifically, she contends the Magistrate Judge relied on three paragraphs of the ALJ's decision which do not provide sufficient explanation for why Dr. Baker's flexible break limitation was omitted. Upon *de novo* review, the Court agrees with the R&R's analysis.

The relevant regulation regarding evaluation of medical opinions requires an ALJ to "articulate . . . how persuasive" the ALJ finds each medical opinion, and to specifically explain consideration of the factors of supportability and consistency in that evaluation. 20 C.F.R. § 404.1520c(b). The regulations define "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

In November 2019, upon his review of the evidence, Dr. Baker opined Plaintiff "will need occasional flexibility with breaks when experiencing increased symptoms." (Tr. 148). The ALJ in her opinion, and the Magistrate Judge in her R&R, summarized the mental health treatment records

---

1. Neither party objects Judge Armstrong's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Armstrong.

relied upon covering the time period of early 2018 to June 2022. (Tr. 24-25, 29-30); (Doc. 10, at 3-6).

Although Plaintiff contends the ALJ's explanations regarding omission of the flexible break limitation were nothing more than conclusory statements unaccompanied by specific evidence, the Court agrees with the R&R that the ALJ opinion, read as a whole, complies with the relevant regulation and is supported by substantial evidence.

Dr. Baker's November 2019 opinion rested on Plaintiff needing flexibility in breaks "when experiencing increased symptoms." (Tr. 148). The ALJ concluded, based on a review of the evidence as a whole, the more recent medical records did not support such a restriction. That is, the ALJ reasonably concluded Plaintiff's improving symptoms undermined the need for this restriction.

Plaintiff contends the ALJ "generally claims that the record documents improvement, but does not identify any specific evidence documenting improvement." (Doc. 11, at 4). But elsewhere in her opinion, the ALJ described in detail the more recent mental health records that suggested lesser impairment. *See* Tr. 29-30 (stating, *inter alia*, Dr. Desai's "[n]otes document improved symptoms and functioning with the claimant reporting feeling better with side effects to medication . . . [and] describ[ing] no anxiety or depressive symptoms" and "many normal mental status exam findings[;]" describing Plaintiff's additional activities of daily living and functioning that were increased from her prior disability reports; and records showing documented improvement in Plaintiff's mental health status examination findings at psychotherapy appointments); *see also* Doc. 10, at 15 (R&R summary of evidence of improvement). Thus, the Court agrees with the R&R's analysis of this issue – that "[r]eading the decision as a whole and

4

with common sense, the ALJ discussed these findings earlier in the decision[,]" and it is clear what she was referring to. (Doc. 10, at 14).

The Court further agrees with the R&R that the ALJ adequately addressed both the "supportability" and "consistency" factors by noting (1) contradictory evidence (of lessened mental health symptoms) was submitted after Dr. Baker's opinion, and (2) a different state agency reviewer, based on the same evidence, did not find such a limitation necessary. *See Id.* And the ALJ expressly included significant mental health limitations in the RFC, explaining that she did so to account for Dr. Baker's opinion and "further reduce stress in the work setting[.]" (Tr. 31) (explaining inclusion of "reduced complexity, pace, and productivity requirements, with no production quotas or work on an assembly line" and "no work with the general public[,]. . . work in a tandem co-worker environment[,] . . . only have occasional . . . interactions with co-workers and supervisors[,] . . . [and] limitations on decision-making as well as changes in the work-setting").

To be sure, the Court also agrees with Plaintiff that "[j]ust because someone got 'better' or 'improved' does not mean that they are not disabled[,]" but that is not what the ALJ stated here. (Doc. 11, at 4). Rather, the Court finds the ALJ's decision as a whole built a "logical bridge" between the need for flexibility in breaks "when experiencing increased symptoms" (Tr. 148) and subsequent evidence demonstrating lessened symptoms. *See Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (noting that an ALJ must "build an accurate and logical bridge between the evidence and the result.").

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 10) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

  s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2024